IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

            Plaintiff,
vs.                                   **Case No. 05-40025-01-RDR**

JOSEPH DALE FLOWERS,

            Defendant.

## MEMORANDUM AND ORDER

Defendant is charged in two counts. Count 1 charges defendant with knowingly and intentionally possessing 40 grams of methamphetamine with the intent to distribute. Count 2 charges defendant with possession of a firearm as a convicted felon.

This case is before the court upon defendant's motion to suppress. The parties have submitted this motion for the court's decision upon the pleadings and upon a videotape of defendant's interrogation.

The motion seeks to suppress statements defendant made following his arrest on March 3, 2005. Defendant contends that the statements were not voluntarily made.

Defendant was arrested after a police chase which ended in a four-vehicle accident at 21st and Fairlawn in Topeka, Kansas. According to the motion to suppress, defendant was arrested between 2:35 and 2:50 p.m. Defendant was taken to the

city/county law enforcement center.  His interrogation began at 4:40 p.m. and lasted until approximately 7:15 p.m, although there were significant breaks during the interrogation. Defendant was interrogated by Deputy Phil Higdon of the Shawnee County Sheriff's Office.  Defendant was given his Miranda rights prior to answering questions.

The Tenth Circuit has stated the standards applied to determine whether a statement is voluntary:

> "Waiver of one's Fifth Amendment privilege against self-incrimination requires that the individual 'voluntarily, knowingly and intelligently' waive his constitutional privilege." United States v. Morris, 287 F.3d 985, 988 (10th cir. 2002)(quoting Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)).  That standard has two prongs:
>> "First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.  Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the totality of the circumstances surrounding the interrogation reveal [sic] both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived."
> Id. (quoting Colorado v. Spring, 479 U.S. 564, 573, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987))(emphasis added).

U.S. v. Curtis, 344 F.3d 1057, 1066 (10th Cir. 2003) cert. denied, 540 U.S. 1157 (2004).  Relevant circumstances to this determination include defendant's age, intelligence and

education "and the details of the interrogation, such as whether the suspect was informed of his rights, the length of the detention and the interrogation, and the use or threat of physical force."  U.S. v. Nguyen, 155 F.3d 1219, 1222 (10th Cir. 1998) cert. denied, 525 U.S. 1167 (1999).

    Defendant was 28 years old at the time he was interrogated. He has an eleventh grade education.  He can read and write, but not very well.  He has a prior conviction and has spent time in prison.  Defendant was well-rested and apparently in good health at the time of his interrogation.  Although he admitted to using methamphetamine the night before, he did not appear intoxicated or under the influence of illegal drugs.  He appeared to understand without difficulty everything that was stated to him. He spoke clearly and answered questions in a manner that demonstrated a cognizance of the questions and his situation. In sum, defendant did not appear under the influence of methamphetamine and, if he was, it did not appear to disturb his ability to understand and appreciate what he was doing.  We note, as many courts have, that intoxication is a factor which must be considered, but does not mandate a finding that a statement made to the police was involuntary.  See U.S. v. Muniz, 1 F.3d 1018, 1022 (10th Cir.) cert. denied, 510 U.S. 1002 (1993); U.S. v. Casal, 915 F.2d 1225, 1229 (8th Cir. 1990) cert.

denied, 499 U.S. 941 (1991); U.S. v. Chrismon, 965 F.2d 1465, 1469-70 (7th Cir. 1992); U.S. v. McKee, 846 F.Supp. 930, 933 (D.Kan. 1994).

Defendant's rights under the Miranda decision were explained to him at the beginning of the interrogation, and defendant stated that he understood those rights.  Deputy Higdon asked defendant if he could ask defendant questions and defendant replied affirmatively.  Defendant may not have affirmatively said that he was waiving his Miranda rights.  But, he clearly assented to being questioned and clearly stated that he understood his rights.  Given defendant's conduct during the interrogation, we believe it can be inferred that he intended to waive his right to remain silent.  See U.S. v. Cruz, 910 F.2d 1072, 1080 (3rd Cir. 1990) cert. denied, 498 U.S. 1039 (1991); U.S. v. Boon San Chong, 829 F.2d 1572, 1574 (11th Cir. 1987).

During the course of the interrogation defendant may have exhibited some evasiveness, but he did not appear reluctant to give answers to the questions he was posed.  He never asked to halt the interrogation or to take a break or to speak to an attorney.  A few times Deputy Higdon spoke forcefully to defendant, asking defendant to tell him the truth or noting the deleterious effects of drug use.  A few times Deputy Higdon used profanity.  But, the court is convinced that defendant's free

4

will was not overcome by Deputy Higdon's strong language.  See U.S. v. Lux, 905 F.2d 1379, 1382 (10th Cir. 1990) (pounding fist on the table while accusing defendant of lying does not negate voluntariness); U.S. v. Chalan, 812 F.2d 1302, 1308 (10th Cir. 1987) cert. denied, 488 U.S. 983 (1988)(exhortations to tell the truth do not render statements involuntary); U.S. v. Bailey, 979 F.Supp. 1315, 1318 (D.Kan. 1997)("Merely exhorting [defendant] to start telling the truth did not render his confession involuntary.").  Defendant expressed a desire for help from law enforcement, and it appears to the court that he thought his cooperation during the interrogation might assist him in obtaining help.

In conclusion, the court believes the government has proven that defendant voluntarily relinquished his right to remain silent and that this was an uncoerced choice made with a full understanding of its consequences.  Therefore, the motion to suppress shall be denied.  The court directs that the videotape of the defendant's interrogation be marked as an exhibit in this case and retained in the Clerk's Office.

**IT IS SO ORDERED.**

Dated this 17th day of June, 2005 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

5